UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORTEZ DEONTE MOULTRIE,

    Petitioner,

                                                                                  CRIM. CASE NO. 15-20262

v.

                                                                                  HON. SEAN F. COX

UNITED STATES OF AMERICA,

    Respondent.

_____/

**OPINION & ORDER**
**DENYING PETITIONER'S § 2255 MOTION TO VACATE SENTENCE AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

In Criminal Case No. 15-20262, Petitioner Cortez Deonte Moultrie ("Petitioner") pleaded guilty, pursuant to a Rule 11 Plea Agreement, to three counts of bank robbery, in violation of 18 U.S.C. § 2113(a); and two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). (Doc. # 52, Rule 11 Plea Agreement). This Court sentenced Petitioner to a total term of 471 months' imprisonment. (Doc. # 65).

The matter is now before the Court on Petitioner's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. # 73, Pet.'s Mo.). Petitioner asserts several grounds in support of his motion, all of which challenge his conviction or sentence. The Government has filed a response opposing Petitioner's motion, (Doc. # 78, Gov't Resp.), and

1

Petitioner has filed a reply (Doc. # 80). In his reply, Petitioner raises an ineffective assistance of counsel claim in addition to the claims raised in his initial petition.

Because the files and records of the case conclusively establish that Petitioner is not entitled to relief as to any of the claims set forth in this § 2255 motion, an evidentiary hearing is not necessary and the decision is therefore ready for a decision by this Court. For the reasons set forth below, Petitioner's motion to vacate will be **DENIED**. Moreover, the Court declines to issue a certificate of appealability.

## BACKGROUND

**Plea Agreement**

On February 24, 2016, Petitioner pleaded "guilty to Counts 1, 3, 4, 5, and 6 of the First Superseding Indictment, which charges three counts of bank robbery, in violation of 18 U.S.C. § 2113(a); and two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). The Rule 11 Plea Agreement provided the following factual basis for Petitioner's guilty plea:

### Count 1

> On or about January 20, 2015, in the Eastern District of Michigan, the defendants, CHARLES ALBERT WALKER and CORTEZ DEONTE MOULTRIE, while aiding and abetting each other, by force, violence and intimidation did take from the person or presence of another, money, namely $42,947.96, belonging to and in the care, custody, control, management, and possession of the Key Bank, 23116 Telegraph Road, Brownstown, Michigan, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation.
>
> Defendants came into the bank brandishing their handguns. They ordered everyone to the floor. They located the bank manager and demanded that he open the vault. After stealing cash, the defendants ordered everyone into the vault, and

shut the door behind them.

### Counts 3 and 4

On or about March 25, 2015, in the Eastern District of Michigan, the defendants CHARLES ALBERT WALKER and CORTEZ DEONTE MOULTRIE, while aiding and abetting each other, by force, violence, and intimidation did take from the person or presence of another, money, namely $17,443.00, belonging to and in the care, custody, control, management, and possession of the Huntington National Bank, 1821 North Perry, Pontiac, Michigan, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation.

Defendants came into the bank brandishing their handguns. They took cash out of a drawer, then racked their guns, ordering the bank employees to go into the vault area. They stole cash from the safe, ordered everyone to the floor, and shut them in the vault, taking the employee's keys.

### Counts 5 and 6

On or about April 20, 2015, in the Eastern District of Michigan, the defendants CHARLES ALBERT WALKER and CORTEZ DEONTE MOULTRIE, while aiding and abetting each other, by force, violence, and intimidation did take from the person or presence of another, money, namely $132,449.00, belonging to and in the care, custody, control, management, and possession of the Comerica Bank, 35320 Jefferson Avenue, Harrison Township, Michigan, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation.

Defendants, wearing security guard jackets, entered the bank, brandishing their handguns at employees and visitors. They ordered everyone to the ground and demanded that someone open the vault and warned them not to pull any alarms. Walker threatened to kill the manager.

(Rule 11 Plea Agreement at pgs. 3-5) (emphasis in original). The Plea Agreement further provided that there were no sentencing disputes[1] and that Petitioner's guideline range was 121 -

---

[1] Except to the extent that the parties agreed that Petitioner could contest the application of U.S.S.G. 2B3.1(b)(4)(A), and let the Court decide whether it applies.

151 months' imprisonment + 505 - 535 months' imprisonment. Petitioner also agreed to waive any right he may have to appeal his conviction and sentence (if the sentence imposed did not exceed the maximum recommendation allowed by the agreement). (Rule 11 Plea Agreement at p. 12).

**Sentencing**

On June 22, 2016, this Court sentenced Petitioner to: 87 months on Counts 1, 3, and 5, to be served concurrently; to 84 months on Count 4, to run consecutive to Counts 1, 3, and 5; and to 300 months on Count 6, to run consecutive to Counts 1, 3, 4, and 5. (Doc. # 65). Petitioner did not file a direct appeal.

On October 28, 2016, Petitioner filed the instant *pro se* Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. (Pet.'s Mo.). In it, Petitioner asserts four grounds for relief. First, Petitioner argues that his multiple § 924(c) convictions violate the double jeopardy clause because he used the same firearm in all three bank robberies, *i.e.*, all three robberies constituted a "single crime" and Petitioner should have only received one § 924(c) conviction. Second, Petitioner argues that certain enhancements applied to his base offense level no longer apply because those enhancements only apply to crimes of violence and that bank robbery does not constitute a crime of violence under *Johnson* and *Beckles*. Third, Petitioner seeks relief from his § 924(c) convictions based on *Johnson* and *Beckles*. Fourth, Petitioner argues that his multiple § 924(c) convictions violate the double jeopardy clause and that § 924(c) is constitutionally vague in light of *Johnson*. In his reply, Petitioner asserts for the first time that he was denied effective assistance of counsel when his trial attorney failed "to object to his sentence under the principles of *Johnson*."

4

## LEGAL STANDARD

Petitioner's motion is brought pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255. To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

## ANALYSIS

As a threshold matter, the Government argues that Petitioner has procedurally defaulted his instant claims. Assuming, without deciding, that Petitioner has not procedurally defaulted his claims, he is still not entitled to the relief he seeks for the reasons below.

**A.  Petitioner's Bank Robbery and Firearms Convictions Do Not Violate The Double Jeopardy Clause**

First, Petitioner argues that because he used the same firearm in each of the three charged robberies, his actions constitute a "single crime spree." (Pet.'s Mo. at Pg ID 422). As such,

5

Petitioner concludes that "the imposition of consecutive sentence under subsection 924(c) for using multiple weapons during a single crime of violence would impinge on fundamental double jeopardy." (*Id*.). Petitioner's argument is misplaced.

The double jeopardy clause prohibits courts from imposing multiple punishments for the same offense. *Whalen v. United States*, 445 U.S. 684, 688 (1980). "The general test for compliance with the double jeopardy clause looks to 'whether each provision requires proof of a fact which the other does not.'" *United States v. Gibbons*, 994 F.2d 299, 301 (6th Cir. 1993) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). However, this test does not apply "where Congress has authorized punishments which would otherwise be inappropriately cumulative." *Id.* (citing *Whalen*, 445 U.S. at 688).

Here, Petitioner essentially argues that because he used the same firearm in the three armed robberies, he should only be convicted with one § 924(c) charge. Petitioner is wrong. As the Government correctly points out, each § 924(c) conviction attached to a *separate* armed robbery, and each robbery conviction required proof of *different* facts (*i.e.*, dates, locations, circumstances, etc.). The fact that Petitioner allegedly used the same firearm for three separate robberies is of no import.

**B.      Petitioner May Not Rely on *Johnson* and *Beckles* to Collaterally Attack his § 2113(a) and § 924(c) convictions**

In Ground Two, Petitioner appears to be relying on *Johnson v. United States*, 135 S.Ct. 2251 (2015) and *Beckles v. United States*, 197 L.Ed. 2d 145 (2017) to "challenge guidelines enhancements" he received under U.S.S.G. §2B3.1. Petitioner first argues that bank robbery under 18 U.S.C. § 2113(a) does not constitute a crime of violence and that, therefore, certain

6

guideline enhancements he received under U.S.S.G. §2B3.1 are no longer applicable.[2]

Petitioner's reliance on *Johnson* and *Beckles* is misplaced. In *Johnson*, the Supreme Court invalidated the Armed Career Criminal Act's ("ACCA") residual clause for being unconstitutionally vague. *Johnson*, 135 S.Ct. At 2257. Here, Petitioner cannot rely on *Johnson* for relief because the Court did not sentence Petitioner under the residual clause. Nor was Petitioner sentenced under the ACCA at all. Petitioner's reliance on *Beckles v. United States*, 197 L.Ed. 2d 145 (2017) fares no better because the Supreme Court in *Beckles* recently clarified that the void for vagueness doctrine does not apply to the residual clause of the career offender Sentencing Guidelines.

## C. Petitioner May Not Rely on *Johnson* to Collaterally Attack § 924(c) Convictions

In Ground Three, Petitioner appears to be relying on *Johnson* to collaterally attack his 18 U.S.C. § 924(c) convictions.[3] Presumably, Petitioner's position is that *Johnson* reaches § 924(c)'s definition of "crime of violence" since § 924(c)(3) includes a residual clause similar to the ACCA residual clause invalidated in *Johnson*.

Under § 924(c), anyone who uses or carries a firearm during or in relation to a "crime of

---

[2] To provide context, Petitioner pleaded guilty to three counts of bank robbery, in violation of 18 U.S.C. § 2113(a). Section 2113(a) states, in pertinent part, that, "[w]hoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another ... any property or money ... belonging to, or in the care, custody, control ... of any bank ... shall be ... imprisoned not more than twenty years..." 18 U.S.C. § 2113(a). The guideline for Section 2113 offenses is found in U.S.S.G. §2B3.1. Here, Petitioner received several enhancements pursuant to §2B3.1.

[3] Petitioner also cites to *Lynch v. Dimaya*, 803 F.3d 1110 (9th Cir. 2015). In *Dimaya*, the Ninth Circuit held that the Immigration and Nationality Act's definition of "aggravated felony" was unconstitutionally vague in light of *Johnson*. The immigration and Nationality Act is irrelevant to the instant case. As such, Petitioner's reliance on *Dimaya* is misplaced.

7

violence" is subject to a mandatory minimum sentence. For purposes of § 924(c), a "crime of violence" is a felony offense that:

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. 924(c)(3)(A)-(B). "The first clause, 924(c)(3)(A), is commonly referred to as the 'force' clause. The second, 924(c)(3)(B), is commonly referred to as the 'residual' clause[.]" *United States v. Moore*, 2016 WL 2591874, at *3 (E.D. Mich. May 5, 2016).

Here, Petitioner pleaded guilty to brandishing a firearm during or in relation to bank robbery. Bank robbery, by definition, requires the use of "force, violence, or intimidation." This definition fits within the definition of "crime of violence" as set forth in the "force" clause of § 924(c)(3)(A). Thus, there is no need to resort to the "residual" clause of § 924(c)(3)(B) to determine whether a bank robbery constitutes a "crime of violence" for purposes of § 924(c) firearm charges. *See e.g., Moore v. United States*, 2016 WL 5651304, at *2 (S.D. Ohio Nov. 4, 2016) (collecting cases and noting that "the Sixth Circuit has affirmed the convictions of criminal defendants for committing (1) armed bank robbery and (2) brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. 924(c)(1)(A)(ii), without expressing any reservation about whether armed bank robbery constitutes a crime of violence") (internal quotation marks and citations omitted).

Moreover, even if it were necessary to rely upon the residual clause of § 924(c)(3)(B), Petitioner is still not entitled to the relief he seeks. The Sixth Circuit has made clear that

*Johnson* did not invalidate the residual clause of 18 U.S.C. § 924(c). *See United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016) (rejecting the petitioner's "argument that *Johnson* effectively invalidated § 924(c)(3)(B)").

**D.     Petitioner's § 924(c) Convictions Do Not Violate the Double Jeopardy Clause and are Not Otherwise Unconstitutional**

In Ground Four, Defendant argues that his § 924(c) convictions violate the double jeopardy clause, and he reasserts that § 924(c) is unconstitutionally vague. Both of these arguments are without merit.

The Sixth Circuit has explained that "[t]he general double jeopardy tests cannot be applied to section 924(c) since a section 924(c) charge is always predicated upon the violation of another statutory offense . . . . The underlying crime of violence ... [on] which a section 924(c) conviction is, by definition, based will never require proof of any fact for which section 924(c) itself does not require proof." *Gibbons*, 994 F.2d at 302. Since Congress has expressly provided that courts may impose punishment for a violation of § 924(c) in addition to the punishment imposed for the predicate crime of violence, Petitioner's double jeopardy argument lacks merit. *United States v. Moore*, 917 F.2d 215, 229-30 (6th Cir. 1990) (rejecting double jeopardy argument where a defendant's sentence is enhanced under § 924(c) when applied in connection with the predicate offense of armed robbery).

Petitioner's § 924(c) vagueness argument is without merit for the reasons stated above. *See United States v. Taylor*, 814 F.3d at 379 (rejecting the petitioner's "argument that *Johnson* effectively invalidated § 924(c)(3)(B)").

**E.     Petitioner's Ineffective Assistance Claim Fails Because Petitioner Cannot Establish**

**Prejudice Resulting From His Trial Attorney's Alleged Deficiency**

In his Reply, Petitioner summarily argues that he was denied effective assistance at trial because his attorney failed to object to his sentence on the basis of *Johnson*. To establish ineffective assistance of counsel, Petitioner must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, Petitioner must establish that his attorney's "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Second, Petitioner must demonstrate that he was prejudiced by his attorney's deficiency because there is "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Id.* at 694.

Petitioner's ineffective assistance of counsel claim fails because he cannot establish the prejudice prong of the *Strickland* analysis. Even assuming his trial attorney's failure to object constituted deficient performance, Petitioner still cannot demonstrate that the result of the proceedings would have been different had the objection been made. Simply put, *Johnson* is inapplicable to the facts of Petitioner's case.

## F.     Certificate of Appealability

A certificate of appealability must issue before a petitioner may appeal the district court's denial of his § 2255 Motion. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). 28 U.S.C. 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of a denial of a constitutional right. 28 U.S.C. 2253(c)(2).

"Where a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Where a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue only if the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. Daniel*, 529 U.S. 473, 484-85 (2000).

The Court concludes that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. As such, the Court declines to issue a certificate of appealability.

## CONCLUSION & ORDER

For the foregoing reasons, **IT IS ORDERED** that Petitioner's 28 U.S.C. § 2255 motion is **DENIED**. Additionally, this Court declines to issue a certificate of appealability. This Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be

taken in good faith.

    **IT IS SO ORDERED**.

Dated: May 26, 2017                                                    s/Sean F. Cox
                                                                                Sean F. Cox
                                                                                U. S. District Judge

I hereby certify that on May 26, 2017, the foregoing document was served on counsel of record via electronic means and upon     via First Class mail at the address below:

**Cortez Deonte Moultrie**
50977039
ALLENWOOD
U.S. PENITENTIARY
Inmate Mail/Parcels
PO BOX 3000
WHITE DEER, PA 17887

                                                                                     s/J. McCoy
                                                                                     Case Manager