UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORTEZ DEONTE MOULTRIE,

    Movant,

                                                                   CRIM. CASE NO. 15-20262

v.

                                                                   HON. SEAN F. COX

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER TRANSFERRING "MOTION OF MANDAMUS IN LIGHT OF DEAN ISSUE" (ECF No. 107) TO THE COURT OF APPEALS AS A SECOND OR SUCCESSIVE HABEAS CORPUS PETITION**

Pursuant to a Rule 11 Plea Agreement, Movant Cortez Deonte Moultrie pleaded guilty to three counts of bank robbery, in violation of 18 U.S.C. § 2113(a); and two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). (ECF No. 52, Rule 11 Plea Agreement). This Court sentenced Moultrie to a total term of 471 months imprisonment. (ECF No. 65). He did not file a direct appeal.

On October 28, 2016, Moultrie filed a motion to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 74). Moultrie asserted four grounds for relief. First, he argued that his § 924(c) convictions violated the double jeopardy clause because he used the same firearm in all three bank robberies. Second, he argued that some of his sentencing enhancements did not apply because bank robbery does not constitute a crime of violence under *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Beckles v. United States*, 137 S.Ct. 886 (2017). Third, he sought relief from his § 924(c) convictions based on *Johnson* and *Beckles*. Fourth, he again argued that his §924(c) convictions violated the double jeopardy clause and that §924(c) was unconstitutionally vague. In his reply,

1

Moultrie asserted, for the first time, that he was denied effective assistance of counsel when his trial attorney failed "to object to his sentence under the principles of *Johnson*."

This Court denied his habeas petition and declined to issue a certificate of appealability. (ECF No. 81). Moultrie appealed this decision, but the Court of Appeals for the Sixth Circuit denied his application for a certificate of appealability.

On June 4, 2018, Moultrie filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). He argued that his habeas petition should be reopened because of the Supreme Court's ruling in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018). The Court construed this motion as a second or successive habeas petition, and transferred it to the United States Court of Appeals for the Sixth Circuit. On March 4, 2019, the Sixth Circuit dismissed Moultrie's case for failure to prosecute. (ECF No. 100); *see generally In re Cortez Deonte Moultrie*, Case No. 18-2272 (6th Cir. filed Nov. 1, 2018).

On January 6, 2020, Moultrie filed a "motion of mandamus in light of Dean issue." (ECF No. 107). Moultrie appears to argue that the Supreme Court's decision in *Dean v. United States*, 137 S.Ct. 1170 (2017) applies to his case.

Because Moultrie is attacking the propriety of his sentence, the Court construes Moultrie's January 6, 2020 motion as a second or successive habeas petition. A movant who wishes to file a second or successive habeas corpus petition must ask "the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without prior authorization from the Court of Appeals, the district court must transfer the document to the Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Here, Moultrie has not acquired permission from the Court of Appeals to file a second or successive habeas petition, and this Court has no jurisdiction to consider his motion without prior approval from the Court of Appeals.

The Court therefore **ORDERS** the Clerk of the Court to transfer Moultrie's motion (ECF No. 107) to the United States Court of Appeals for the Sixth Circuit for a determination of whether this Court may adjudicate his claims.

**IT IS SO ORDERED.**

                                                s/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: February 25, 2020