UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Criminal Case No. 15-20262

CORTEZ DEONTE MOULTRIE,        Sean F. Cox
                                                   United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Cortez Deonte Moultrie ("Moultrie") was convicted of bank robbery and related offenses and he is currently serving his prison sentence. The matter is before the Court on Defendant's Motion for Compassionate Release, brought under 18 U.S.C. § 3582(c)(1)(A). The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

**BACKGROUND**

Over the course of a few months, Defendant Moultrie and his co-defendant Charles Albert Walker ("Walker") robbed three Detroit-area banks – at gun-point.

Moultrie pleaded guilty, pursuant to a Rule 11 plea agreement, to three counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). The Rule 11 plea agreement sets forth the factual basis for Moultrie's guilty pleas (ECF No. 52 at 3-5), which includes the following.

On January 20, 2015, Moultrie and Walker committed a robbery at a Key Bank branch in

Brownstown, Michigan and, "while aiding an abetting each other, by force, violence, and intimidation" took more than forty-two thousand dollars. They came into the bank branch brandishing their handguns and ordered everyone to the floor. They located the bank manager and demanded that he open the vault. After stealing the money, Moultrie and Walker ordered everyone into the vault, and shut the door behind them. (*Id*. at 3-4).

On March 25, 2015, Moultrie and Walker committed a robbery at a Huntington National Bank branch in Pontiac, Michigan and "while aiding an abetting each other, by force, violence, and intimidation" took more than seventeen thousand dollars. Moultrie and Walker came into that bank brandishing their handguns. They took cash out of a drawer, then racked their guns, ordering the bank employees to go into the vault area. They stole cash from the safe, ordered everyone on the floor, and shut them in the vault, taking the employee's keys. (*Id*. at 4).

On April 20, 2015, Moultrie and Walker committed a robbery at a Comerica Bank branch in Harrison Township, Michigan and, "while aiding an abetting each other, by force, violence, and intimidation" took more than a hundred and thirty-two thousand dollars. In committing that robbery, Moultrie and Walker wore security guard jackets into the bank and entered the bank brandishing their handguns at employees and visitors. They ordered everyone to the ground and demanded that someone open the vault and warned them not to pull any alarms. (*Id*. at 5).

Along with the Government's Sentencing Memorandum, it provided several victim impact statements to the Court. (*See* ECF No. 62). This Court read – and carefully considered – all of those victim impact statements. Among other things, the victims stressed the terror they felt while being threatened and having a gun pointed at their heads. They stressed how many times the word "die" was used by Moultrie and Walker while threatening them at gunpoint

during the robberies. The victims also relayed to this Court how these terrifying experiences have impacted their lives in numerous ways.

This Court sentenced Moultrie on June, 22, 2016. At that time, he was 26 years old, with a high school diploma and a history of sporadic employment. He was raised by his mother and grandparents and reportedly had a good upbringing. Having considered all of the § 3553(a) factors, this Court ultimately sentenced Moultrie to a total of 471 months of imprisonment and four years of supervised release.

Moultrie did not file a direct appeal. Moultrie filed a motion seeking to vacate his sentence pursuant to 28 U.S.C. § 2255. This Court denied that motion and declined to issue him a certificate of appealability. The United States Court of Appeals for the Sixth Circuit denied his application for a certificate of appealability.

Acting through counsel, on June 3, 2022, Moultrie filed this Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c). (ECF No. 128). He argues that "the sentencing disparity as a result of First Step Act amendments to 18 USC § 924(c) between the 471 month sentence he received and the sentence he would receive if the Firsts Step Act (FSA) were to apply, and evidence of his substantial rehabilitation in custody, along with the continuing presence of COVID-19 in the Federal Bureau of Prisons (BOP) facility where he is confined, present extraordinary and compelling reasons to grant his request to reduce his sentence." (Def.'s Br. at 1). Moultrie stresses that he was only 25 years old at the time of the offenses in this case and that, absent a reduction, his projected release date is in 2049, when he will be 60 years old. Moultrie has been employed while incarcerated and has completed several courses.

The Government agrees that Moultrie has exhausted his administrative remedies but

opposes the motion on the merits. As to Moultrie's COVID-19 arguments, the Government notes that Moultrie's health is good and that he has been vaccinated and boosted. (*See* ECF No. 132-1 at PageID.853).[1] It notes that his argument that "congregate living status" presents a risk of danger is an argument that would apply to every prisoner. The Government also directs the Court to Moultrie's disciplinary record while incarcerated, noting he has been cited for possessing drugs, fighting, refusing to work, and abusing the phone. (*See* ECF No. 132 at PageID.838-39). It also contends that Moultrie cannot show extraordinary and compelling reasons for a reduction because a non-retroactive change in sentencing law cannot be considered under existing Sixth Circuit precedent. The Government also argues that a consideration of the § 3553(a) factors weighs against a sentence reduction in this case in any event.

## ANALYSIS

"Sentence modifications are the exception, not the rule. This is because 'a judgment of conviction that includes a sentence [of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (citations omitted). "One exception to the rule of finality is set forth in what is colloquially known as the 'compassionate release' statute." *Id*. "The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020).

A district court must deny a defendant's motion for compassionate release if the

---

[1]Moultrie's medical records also reflect that he contracted COVID-19 and recovered. (*Id*. at PageID.852).

defendant fails to show that either extraordinary and compelling reasons warrant a sentence reduction or that a consideration of the § 3553(a) factors support a reduction. *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021); *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021). And even if the prisoner has satisfied those requirements, "the district court 'may reduce the term of imprisonment,' but need not do so." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting § 3582(c)(1)(A)).

Here, Moultrie argues that "the sentencing disparity as a result of First Step Act amendments to 18 USC § 924(c) between the 471 month sentence he received and the sentence he would receive if the Firsts Step Act (FSA) were to apply, and evidence of his substantial rehabilitation in custody, along with the continuing presence of COVID-19 in the Federal Bureau of Prisons (BOP) facility where he is confined, present extraordinary and compelling reasons to grant his request to reduce his sentence." (Def.'s Br. at 1).

The parties disagree as to whether, under existing Sixth Circuit precedent, Moultrie's sentencing disparity argument can be considered, along with other factors, in determining whether extraordinary and compelling circumstances warrant a reduction. Both parties believe that the Sixth Circuit may provide clarity on that issue when it issues the *en banc* decision in *United States v. McCall*, 20 F.4th 1108 (6th Cir. 2021), *reh'g en banc granted*, 29 F.4th 816, 817 (6th Cir. 2022). The Government's brief asserts that, if the Court is inclined to consider Moultrie's sentencing disparity arguments, the Court should hold this motion in abeyance until after that decision issues. (Govt.'s Br. at 19).

The Court declines to do so because, even if Moultrie could establish extraordinary and compelling reasons for a sentence reduction, this Court concludes that a consideration of the

§ 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Moultrie's offenses *weigh strongly against* his release. Moultrie robbed three different bank branches at gunpoint. These are very serious and very troubling offenses. Moultrie and his co-defendant not only brandished their weapons, they pointed them at the heads of bank branch employees while they threatened them. They repeatedly threatened the bank employees that they would die if they did not do exactly what was demanded of them. They left some bank employees in a vault. The horror that the bank branch employees went through during these robberies is something they will never recover from.

To his credit, Moultrie has completed a number of courses while incarcerated and has worked while incarcerated. Yet he has also been disciplined a number of times, having been cited for possessing drugs, fighting, refusing to work, and abusing the phone.

And Moultrie has served less than thirty percent of his sentence for these very serious and troubling offenses and his long remaining sentence also weighs against his release. This is because the original sentence imposed by this Court reflects this Court's evaluation of the need to provide just punishment and the need to promote respect for the law.

This Court does not believe that releasing Moultrie decades early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant. In sum, this Court finds that Defendant Moultrie is simply not an

appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant Moultrie's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

                                                  s/Sean F. Cox  
                                                  Sean F. Cox  
                                                  United States District Judge

Dated: December 6, 2022